# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| PROVISION-MED LIMITED LIABILITY COMPANY, et al., | : | Case No. 1:24-cv-74 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| JIM SURBER, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendants' Motion to Remand (Doc. 30) and Plaintiffs' Motion for Attorney's Fees (Doc. 32). Both motions are fully briefed and ripe for the Court's review. (*See* Docs. 31, 33–36.) For the following reasons, the Court **GRANTS** Defendants' Motion to Remand (Doc. 30) and **DENIES** Plaintiffs' Motion for Attorney's Fees (Doc. 32).

## BACKGROUND

On January 15, 2024, Plaintiffs Provision-Med LLC, Better Built Construction Services, Inc., and Karen Tipton filed a one-count Complaint for breach of contract in the Court of Common Pleas for Butler County, Ohio. (Compl., Doc. 5.) Plaintiffs allege that Defendants Jim Surber, Birdie Rae, LLC, and Ron Peebles, Jr. failed to pay contributions towards Plaintiffs. (*Id.* at ¶¶ 4-6; Response, Doc. 35, Pg. ID 280 (listing "Ronald Peeples, Jr." as Defendant's correct name)).

Specifically, Defendants allegedly breached "one or more agreements between the parties, both oral and in writing, and including but not necessarily limited to" the Letter of Understanding and Operating Agreement. (Compl., Doc. 5, ¶ 4.) The Letter of Understanding and Operating Agreement were both attached as exhibits to the Complaint, but neither was signed by all of the listed parties. (*Id.* at Pg. ID 74, 87.) Although the Complaint provides that Plaintiff Provision-Med is an Ohio limited liability company, it does not allege the identity of its members — apart from references within the partially signed exhibits. (*See* Compl., Doc. 5.)

On February 19, 2024, Defendants Jim Surber and Birdie Rae ("Removing Defendants") removed this matter to this Court on diversity jurisdiction grounds. (*See* Notice of Removal, Doc. 1.) Specifically, the Notice of Removal acknowledged that Defendant Peebles had not yet been served and that the Complaint does not allege Plaintiff Provision-Med's membership. (*Id.* at Pg. ID 2-3.) Defendant Peebles was subsequently served on March 5, 2024. (Summons Executed, Doc. 10.)

The matter then proceeded until Defendants advised the Court on May 7, 2025, that diversity jurisdiction may be lacking since Defendant Peebles does not contest that he is a member of Plaintiff Provision-Med. (Motion to Remand, Doc. 30.) Accordingly, Defendants jointly move for the Court to remand this matter to state court. (*Id.*) Plaintiffs agree that remand is proper, but they request attorney's fees for Removing Defendants' allegedly unreasonable removal. (Motion for Attorney's Fees, Doc. 32, Pg. ID 271.)

## LAW AND ANALYSIS

### I. Remand to State Court

As federal courts are "courts of limited jurisdiction," the question of subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "A case may be remanded at any time prior to final judgment if it appears the federal court lacks subject matter jurisdiction over the case." *Belcan, LLC v. ADP, Inc.*, No. 1:23-CV-810, 2024 WL 1699870, at *1 (S.D. Ohio Apr. 18, 2024) (citing 28 U.S.C. § 1447(c)). The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Federal courts construe the removal statute strictly in favor of state court jurisdiction and resolve doubts in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024).

Removing Defendants removed this case solely on diversity grounds. (*See* Notice of Removal, Doc. 1.) Federal diversity jurisdiction involves suits in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). As an LLC, the citizenship of Plaintiff Provision-Med is determined by the citizenship of each of its members. *US Framing Int'l LLC v. Cont'l Bldg. Co.*, 134 F.4th 423, 428 (6th Cir. 2025). Removing Defendants explain that at the time of removal they were "unaware of [Plaintiff] Provision-Med's citizenship, including whether it had any members and/or the states of residency of any such members." (Motion to Remand, Doc. 30, Pg. ID 259.)

3

Discovery ultimately revealed that Defendant Peebles is an undisputed member of Plaintiff Provision-Med. (*Id.* at Pg. ID 260; Yoder Decl., Doc. 35-1, Pg. ID 298.) Because Defendant Peebles is a North Carolina resident, North Carolina is also considered a state of residence for Plaintiff Provision-Med. Thus, complete diversity is lacking: Plaintiff Provision-Med and Defendant Peebles both reside in North Carolina. Plaintiffs agree that remand is proper for this reason. (Response, Doc. 31, Pg. ID 265.)

Thus, the Court remands this matter to the Court of Common Pleas for Butler County, Ohio for lack of subject matter jurisdiction. As "lack of jurisdiction would make any decree in the case void," the Court's prior orders in this matter are vacated. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006); *see also Beanstalk Innovation, Inc. v. SRG Tech., LLC*, No. 1:17-CV-553, 2019 WL 2288921, at *2 (S.D. Ohio May 29, 2019), *aff'd*, 823 F. App'x 404 (6th Cir. 2020) (vacating all prior orders as void after determining that complete diversity was lacking); *Arterburn v. Wal-Mart Stores, Inc.*, No. 1:15-CV-109, 2017 WL 472090, at *4 (W.D. Ky. Feb. 3, 2017) (similar).

### II.   Motion for Attorney's Fees

The Court now turns to Plaintiffs' request for attorney's fees. A district court may retain jurisdiction after ordering remand to "make an award of attorney fees and costs in a separate order." *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997); *see also Ragland v. WorkSTEPS, Inc.*, 784 F. Supp. 3d 1039, 1049 (N.D. Ohio 2025). After all, "an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).

4

The relevant removal statute includes a fee-shifting provision: "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Put another way, an award of attorney's fees is inappropriate when the defendant's removal was at least "fairly supportable." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007) (quotation omitted). Twin objectives guide a court's "considerable discretion" in approaching this question: "avoiding deterrence of proper removals" and "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *McIlvaine, Inc. v. Seymour Transp., Inc.*, 2013 WL 5670955, at *4 (N.D. Ohio Oct. 16, 2013) (quoting *Martin*, 546 U.S. at 140-41); *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008).

The parties dispute whether Defendants had an objectively reasonable basis for removal. As an initial matter, each "properly joined and served [defendant] must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendant Peebles was not served at the time of removal or otherwise involved in the removal. (*See* Failure of Service, Doc. 1-3, Pg. ID 54; Execution of Summons, Doc. 10.) Thus, the inquiry primarily concerns the Removing Defendants—Jim Surber and Birdie Rae, LLC. Plaintiffs assert that the Complaint, along with its attached exhibits, sufficiently placed Defendants on

5

notice that—unless Defendants denied it—Defendant Peebles was a member of Plaintiff Provision-Med. (Motion for Attorney's Fees, Doc. 32, Pg. ID 269.) Moreover, Plaintiffs contend that Removing Defendants did "nothing to find out" the facts prior to removal. (*Id.* at Pg. ID 271.)

Removing Defendants respond that they had an objectively reasonable basis for removal at the time and that no unusual circumstances warrant the award of attorney's fees. (Response, Doc. 35, Pg. ID 280-91.) As Removing Defendants point out, the Complaint does not specifically allege or identify the members of Plaintiff Provision-Med. (*See* Compl., Doc. 5.) The only potential reference to Plaintiff Provision-Med's members can be found in the attached Letter of Understanding and Operating Agreement. (*See id.*) The Letter of Understanding provided that a forthcoming operating agreement would be "approved by all parties." (*Id.* at Pg. ID 74.) Though Defendant Peebles' signature appears on the Operating Agreement, the exhibit included blank signature blocks for three other individuals. (*Id.* at Pg. ID 87.) Accordingly, Removing Defendants submit that they acted reasonably in concluding that the Operating Agreement never went into effect. (Yoder Decl., Doc. 35-1, Pg. ID 296; Response, Doc. 35, Pg. ID 284-86.) This reasoning comfortably comported with the remainder of the Complaint, in Removing Defendants' estimation, because the Complaint can be read as alleging Defendants' breach of oral or written contractual terms. (Response, Doc. 35, Pg. ID 287; Compl., Doc. 5, ¶ 4.)

Removing Defendants' investigation into the suitability of removal did not stop there. Counsel for Removing Defendants details the steps he took prior to removal. (*See*

6

Yoder Decl., Doc. 35-1, Pg. ID 294-99.) For instance, he also reviewed Plaintiff Provision-Med's filings on the Ohio Secretary of State's website. (*Id.* at Pg. ID 297.) The only member of Plaintiff Provision-Med listed on any of these public filings was Plaintiff Tipton—an Ohio resident. (*Id.*; Secretary of State Exhibits, Doc. 35-1, Pg. ID 301-18.)

Then, on March 12, 2025, counsel for Removing Defendants served Plaintiffs with an interrogatory to identify all members of Plaintiff Provision-Med. (Yoder Decl., Doc. 35-1, Pg. ID 298.) Plaintiffs responded by identifying Ronald Peebles and four other individuals as members. (*Id.*) Counsel for Removing Defendants avers that this was the first time he understood Plaintiffs to be "taking the position that Provision-Med's members included North Carolina residents." (*Id.*) According to counsel for Removing Defendants' declaration, he first learned that Defendant Peebles was "taking the position that he was, in fact, a member of Provision-Med" on April 10, 2025. (*Id.*) These revelations all took place well after removal.

Taking these circumstances as a whole, the Court does not conclude that removal by the Removing Defendants was objectively unreasonable. At the time of removal, Removing Defendants had—at the very least—a "fairly supportable" basis for diversity jurisdiction. *Smith*, 507 F.3d at 913. Moreover, no "unusual circumstances warrant a departure from the rule" that attorney's fees are only awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. A few more reasons, in fact, cut against the awarding of such fees. As clarified by the Supreme Court, "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.*

7

Defendants point out that Plaintiffs did not raise the question of subject matter jurisdiction until the Defendants themselves brought it to the Court's attention. (Response, Doc. 35, Pg. ID 290-91; Yoder Decl., Doc. 35-1, Pg. ID 297-98.)

Rule 7.1 of the Federal Rules of Civil Procedure also sheds light on this situation. When a case is filed or removed on the basis of diversity jurisdiction, a party must file a disclosure statement that identifies the citizenship attributed to that party. Fed. R. Civ. P. 7.1(a)(2). Defendant Birdie Rae filed its corporate disclosure statement at the time of removal and listed the citizenship of its members. (*See* Disclosures, Docs. 2, 3.) However, a corporate disclosure statement for Plaintiff Provision-Med was never filed by any party. *See US Framing Int'l LLC v. Cont'l Bldg. Co.*, 134 F.4th 423, 428 (6th Cir. 2025) (emphasizing that the plaintiff LLC "never filed *any* disclosure statement or otherwise informed the court of its members' citizenship" in the removal action). The relevant committee notes to Rule 7.1 are particularly telling: because "[a] party suing an LLC may not have all the information it needs to plead the LLC's citizenship," appropriate disclosures "by a plaintiff as well as all other parties" is necessary to "ensure that diversity jurisdiction exists." Fed. R. Civ. P. 7.1(a)(2) Advisory Committee Notes (2022 Amendment). On this record, the Court declines to exercise its discretion in awarding attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1) Defendants' Motion to Remand (Doc. 30) is **GRANTED**;

2) This entire matter is **REMANDED** to the Court of Common Pleas for Butler County, Ohio;

3) All prior orders in this case, including the Order and Opinion (Doc. 22), are **VACATED** as void for lack of subject matter jurisdiction;

4) Plaintiffs' Motion for Attorney's Fees (Doc. 32) is **DENIED**; and

5) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND